# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:18-CR-00057-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GORDON SCOTT COOPER (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Modify/Defer Restitution Payments, filed by defendant Gordon Scott Cooper and relating to the payment schedule imposed under the restitution ordered by this court. Doc. 73.

Cooper entered pleaded guilty in this court to one count of bank robbery, a violation of 18 U.S.C. § 2113(a) and (d). Doc. 54. As part of his plea agreement, he agreed that any fine or restitution imposed as part of his sentence "would be made due and payable immediately . . . ." Doc. 51, p. 3. Cooper was then sentenced on October 1, 2018, to an 84-month term of imprisonment, with a special assessment of $100 and restitution of $15,899.00. Docs. 62, 63. The court ordered that the monetary penalties were due immediately. Doc. 63, p. 6. Cooper did not appeal his conviction or sentence.

Cooper now moves for modification or deferment of his restitution payments, arguing that the Bureau of Prisons ("BOP") is extracting too great a sum from his earnings. Doc. 73. He also argues that the police department recovered $10,300 from his house, reducing his restitution obligation to $5,699. Doc. 78.

The government opposes the motion. Doc. 77. As it notes, to the extent Mr. Cooper is seeking a modification of his original judgment, his method for doing so is procedurally improper and any attacks on the restitution order have been waived by his failure to file an appeal. To the extent Mr. Cooper would like to modify the payment schedule imposed by the BOP, his challenge is also unavailing. Nothing in his judgment restricts the payment of restitution while Mr. Cooper is imprisoned. *See Hickman v. Keffer*, 498 F. App'x 375 (5th Cir. 2012) (construing identical language). If Mr. Cooper wants to stop making payments, he must take that issue up with the BOP and face potential loss of benefits from his participation in the Inmate Financial Responsibility Program, 28 C.F.R. § 545.10 *et seq*. If he is dissatisfied with the result, he should then raise the issue through a petition filed under 28 U.S.C. § 2241 in the judicial district where he is incarcerated. Hickman, 498 F. App'x at 378. Accordingly, the motion [doc. 73] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 18th day of March, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**